UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

NORMAN ISMAIL, individually,

    Plaintiff,

v.

FLORIDA CREDIT RESEARCH, INC.,
a Florida corporation, and
JAMES CARY JACOBSON, individually,

    Defendants.
_____/

### COMPLAINT FOR DAMAGES UNDER 15 U.S.C. § 1692 *et seq.*
### THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")
### JURY DEMAND

1.    Plaintiff, NORMAN ISMAIL, alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Simply put, Defendants, FLORIDA CREDIT RESEARCH, INC. and JAMES CARY JACOBSON, have engaged in collection activity within the State of Florida without first obtaining a license to collect consumer debts in the State of Florida as mandated by § 559.553 of the Florida Consumer Collection Practices Act ("FCCPA").

In March 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA. *LeBlanc*

*v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take."). Plaintiff maintains that Defendant's actions are both unconscionable and criminal. *See* Fla. Stat. § 559.785 stating that it is a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering."

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants conduct business in this District.

## PARTIES

3.     Plaintiff, NORMAN ISMAIL, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant FLORIDA CREDIT RESEARCH, INC. is a Florida corporation which purposes defaulted upon (consumer) credit card debt, more commonly referred to as a "junk debt buyer."

5.     Defendant JAMES CARY JACOBSON a Florida-licensed attorney and the President and Director of FLORIDA CREDIT RESEARCH, INC. Said

Defendant utilizes his law firm, *Jacobson, Sobo & Moselle*, to effectuate the collection of said debts.

6. Plaintiff maintains that Defendant JAMES CARY JACOBSON is liable as an owner and agent of FLORIDA CREDIT RESEARCH, INC. *See generally, Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 2008 WL 495345 (6th Cir. 2008); *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir.1994).

7. Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

8. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

9. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*

>Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## **FACTUAL ALLEGATIONS**

10. Defendants sought to collect an alleged debt from Plaintiff arising from Plaintiff's use of a credit card issues by and used by Plaintiff for personal, family or household purposes, including but not limited to, the purchase of such things as clothes, groceries, personal gifts, and travel-related expenses.

11. That the original credit card issuer, CHASE, has countless offices located across the State of Florida and solicits its credit-related products to consumers throughout the state.

12. On or about July 7, 2011, Defendants commenced a garnishment action against Plaintiff as a result of a state court judgment obtained in 2005.

13. That prior to the filing of said lawsuit, Defendants attempted to collect the alleged debt by engaging in a campaign of telephone calling and/or writing demand letters.

14. That Florida law specifically and unequivocally states: *[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.* Fla. Stat. § 559.553(1).

4

15. That based upon an online license search conducted on December 31, 2011 at the website maintained by the Florida Office of Financial Regulation, Defendant FLORIDA CREDIT RESEARCH, INC. is not licensed to collect consumer debts in the State of Florida. *See* Exhibit "A" attached hereto.

16. That Plaintiff maintains that the filing of a lawsuit and Defendants' previous collection activities were unlawful; Plaintiff has filed the instant lawsuit alleging that any and all of Defendants' debt collection activities taken against him over the past year were in direct violation of the FDCPA.

17. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

18. That Plaintiff has incurred actual damages, including but not limited to the attorney's fees he incurred as the result Defendants having filed the underlying garnsihment. *Lowe v. Elite Recovery Solutions, L.P.*, 2008 U.S. Dist. LEXIS 8353 (E.D.Cal. 2008) (Holding that fees incurred from underlying state court action were recoverable as "actual damages" under the FDCPA).

## COUNT I
### FAILURE TO OBTAIN A DEBT COLLECTION LICENSE AS MANDATED BY FLA. STAT. § 559.553 AND IN VIOLATION OF § 1692e OF THE FDCPA

19. Plaintiff incorporates Paragraphs 1 through 18.

20. Defendant FLORIDA CREDIT RESEARCH, INC.'s failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated various provisions of the Fair Debt Collection Practices Act, including the following: 15 U.S.C § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10). *See generally*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

WHEREFORE, Plaintiff NORMAN ISMAIL requests that the Court enter judgment in favor of Plaintiff and against Defendants FLORIDA CREDIT RESEARCH, INC. and JAMES CARY JACOBSON for:

      a. Damages, both statutory and actual;

      b. Attorney's fees, litigation expenses and costs of the instant suit; and

      c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 31st day of December, 2011.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff Norman Ismail*
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Telephone:  954-589-0588
Facsimile:  954-337-0666
scott@scottdowens.com


By: /s/ Scott D. Owens
Scott D. Owens, Esq.
Florida Bar No. 0597651